IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**ANTWYN GIBBS,**

    **Plaintiff,**

v.                                      Case No. 2:20-cv-00867

**WEXFORD HEALTH SOURCES, INC.; WEXFORD MEDICAL HEALTH SOURCES, INC.,**

    **Defendants.**

**MEMORANDUM OPINION and ORDER**

Pending is Plaintiff's Motion for Default Judgment. (ECF 16). The motion is **DENIED** as premature. Under Rule 55(a), the entry of a default by the Clerk of Court is required where "a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend...." Upon the entry of default, the party seeking a default judgment may request that the Clerk enter judgment against a non-appearing party "for a sum certain or a sum that can be made certain by computation," after providing the Clerk with "an affidavit showing the amount due." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "When considering a motion for a default judgment, the court accepts the well-pleaded factual allegations in the complaint regarding liability as true. Nevertheless, liability is not deemed established simply because of default ... and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability. Once liability has been established, the court must make an independent determination

1

concerning the damages to be awarded." *Finney v. MIG Capital Mgmt., Inc.*, No. 2:13-02778, 2014 WL 1276159, at *9-*10 (S.D.W. Va. Mar. 27, 2014) (markings and citations omitted) (ellipsis in original); *see also* Fed. R. Civ. P. 55(c) (permitting court to hold hearing before entering default judgment on "truth of any allegation," "amount of damages," and "any other matter"). The decision to enter a default judgment rests within the sound discretion of the district court. *Federal Ins. Co. v. Wallace*, No. 2:13cv690, 2015 WL 1011458, at *2 (E.D. Va. Mar. 4, 2015).

Here, the entry of default is improper because nothing in the record establishes that the defendants have been properly served with process. The United States Marshals Service was ordered to serve the defendants and promptly file proofs of service. (ECF No. 12). The Marshals Service has not confirmed that the defendants were served; consequently, there is no basis upon which to conclude that the defendants have failed to plead or otherwise defend against Plaintiff's complaint. Plaintiff's unsupported statement that the defendants were "duly served" is without factual support. Plaintiff misreads the record if he believes that the Clerk entered a default against the defendants on February 3, 2021. To the contrary, that was the date upon which the Clerk was ordered to issue summonses. In the absence of a default entered by the Clerk, and in the absence of a legal and factual basis to conclude that the defendants are in default, the Court cannot enter a default judgment.

Also pending is Plaintiff's Motion for the Appointment of Counsel. (ECF No. 17). Plaintiff's Motion is **DENIED**. Plaintiff has no constitutional right to counsel in an action brought under 42 U.S.C. § 1983. 28 U.S.C. § 1915(e)(1); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). Although the Court has some discretion in assigning counsel, the United States Court of Appeals for the Fourth Circuit has clearly stated that

2

motions for the appointment of counsel in civil actions should be granted "only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). When determining whether a particular case rises to that level, the Court must consider the complexity of the claims in dispute and the ability of the indigent party to present them, as well as other factors like the merits of the case. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984); *see also Valcarcel v. ABM Indus./Diversico Indus.*, 383 F. Supp. 3d 562, 565 (M.D.N.C. 2019) ("In considering a request for appointment of counsel in its discretion, the court may consider a plaintiff's financial ability to retain counsel, the efforts of the plaintiff to retain counsel, the merits of the case, and whether the plaintiff is capable of representing himself.") (citations omitted).

Here, Plaintiff argues that his case justifies the appointment of counsel, because he is unable to afford a lawyer and because he is incarcerated with limited access to legal materials. Unfortunately, these circumstances are not exceptional given that many indigent civil litigants are unrepresented and incarcerated. Therefore, without a particular showing of need, the inability to retain a lawyer is not a basis for the appointment of counsel. *Altevogt v. Kirwan*, No. CIV. WDQ-11-1061, 2012 WL 135283, at *3 (D. Md. Jan. 13, 2012) ("Altevogt's inability to retain counsel is not an exceptional circumstance.").

Furthermore, while Plaintiff's incarceration undoubtedly makes it more difficult for him to pursue his lawsuit, as does his lack of immediate access to legal materials, these deficiencies do not, in and of themselves, satisfy the "exceptional" standard necessary to justify the appointment of counsel. *Louis v. Martinez,* Case No. 5:08-cv-151, 2010 WL 1484302, at *1 (N.D.W. Va. Apr. 12, 2010). The undersigned has examined the complaint and the other documents filed by Plaintiff, and they are and clear. Contrary to Plaintiff's

belief, the facts underlying Plaintiff's claim are not complex, and he appears capable of presenting his claim at this stage of the litigation. Should circumstances change in the future, the matter of the appointment of counsel can be reassessed. Therefore, his motion must be denied at this time. It is so **ORDERED.**

The Clerk is directed to provide a copy of this Order to Plaintiff and any unrepresented party.

**ENTERED:** March 5, 2021

_____
Cheryl A. Eifert
United States Magistrate Judge