IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**ANTWYN GIBBS,**

    **Plaintiff,**

v.                                        Case No. 2:20-cv-00867

**WEXFORD HEALTH SOURCES, INC.,**[1]

    **Defendant.**

### MEMORANDUM OPINION and ORDER

    This civil action is brought pursuant to 42 U.S.C. § 1983 and involves dental care received by Plaintiff while incarcerated at the Mount Olive Correctional Center ("MOCC"), a high security prison located in West Virginia. Plaintiff claims that Defendant, the contracted provider of medical and dental care at MOCC, has failed to properly treat Plaintiff's infected tooth, resulting in pain and suffering. Pending are several motions filed by Plaintiff, including a Motion for Temporary Restraining Order, (ECF No. 14); Motion for Order to Show Cause, (ECF No. 15); Motion for Status of Service, (ECF No. 19); Motion Regarding Grievances, (ECF No. 20); and Motion to Get Operations Policy and Appoint Counsel, (ECF No. 29). A status conference was held on May 12, 2021, at which the court addressed these pending motions. Having now fully considered them, the court **ORDERS** as follows:

---

[1] The Motion to Dismiss filed by Defendant Wexford Health Sources, Inc. includes the defendant's correct name. Therefore, the Clerk is directed to correct the name on the docket.

1. The Motion for Temporary Restraining Order, (ECF No. 14), is **DENIED**. In this Motion, Plaintiff requests that he be transferred to another correctional facility—preferably the Northern Correctional Center—on the basis that the dental care he is receiving at MOCC is substandard. Plaintiff believes that a lack of adequate care is putting his life in danger, and that MOCC staff members "have something against" him. (ECF No. 14). At the status conference, Plaintiff admitted that he had received additional dental care since filing the Motion, but continued to express displeasure over MOCC's refusal to arrange an appointment for him with a private dentist.

The standard for granting a temporary restraining order is the same as the standard used to resolve a request for preliminary injunction. *Moore v. Kempthorne,* 464 F.Supp.2d 519, 525 (E.D. Va. 2006). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008). To obtain injunctive relief, the movant must demonstrate that (1) he is likely to succeed on the merits of his complaint; (2) he is likely to suffer irreparable harm if injunctive relief is not awarded; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20.

In this case, Plaintiff has not met the requisite standard to justify injunctive relief. Based upon the information available to the court, it is far from certain that Plaintiff will succeed on the merits of his claim. The records provided to date indicate that Plaintiff has received ongoing care for his dental issues, and staff members have responded to his complaints. Moreover, nothing in the record demonstrates the prospect of "irreparable harm" to Plaintiff if he is not transferred, or permitted to see a private dentist. At the status conference, Plaintiff conceded that his affected tooth had now been removed and

that he was being treated with antibiotics. Although he claimed to have intermittent jaw pain and headaches, he did not appear in distress at any point during the hearing. In any event, the primary relief that Plaintiff seeks—which is to be transferred, preferably to the Northern Correctional Center—is not relief that this court can grant. *See, e.g., Moore v. Tillman*, C/A No. 3:07-3209-RBH, 2008 WL 4442593, at *9 (D.S.C. Sept. 25, 2008) ("Only in extreme situations, not pleaded here, would a federal court have the authority to order a State to transfer a prisoner and then, usually, it would be in the discretion of the State to select another appropriate facility.") (citations omitted). Plaintiff has provided only conclusory assertions that his life is in danger, and these assertions are not corroborated by the evidence currently available to the court. Most of the information provided by Plaintiff at the status conference suggested that, while Plaintiff is not satisfied with the dental care he has received, his dissatisfaction has more to do with a difference of opinion over the extent of care required than a deliberate indifference to his needs.

  2. The Motion for Order to Show Cause, (ECF No. 15), is **DENIED**. In this Motion, Plaintiff asks the Court to issue an order requiring Defendant to show cause why a restraining order should not be granted. As stated, the grounds for the restraining order and its factual basis were discussed at the status conference. Defendant took the position that Plaintiff has received ongoing dental care and that some of his statements are not factually supported. Accordingly, to the extent Plaintiff sought a response to his request for injunctive relief, a response was provided. Plaintiff also seeks in the Motion to have the court enjoin Defendant from acting negligently in their failure to address his complaints of pain. Obviously, this is a request that the court cannot fulfill. Defendant already has a duty not to act negligently; therefore, a court order is unnecessary and superfluous.

3. The Motion for Status of Service, (ECF No. 19), is **GRANTED**. Plaintiff is now aware that Defendant was served with process, and Defendant has responded to the complaint by filing a Motion to Dismiss.

4. The Motion Regarding Grievances, (ECF No. 20), is **DENIED**. Plaintiff asserts that he was told he could not file any additional grievances related to his tooth, as the issue had been resolved. However, Plaintiff does not believe the issue is resolved and continues to complain of pain, headaches, dizziness, and numbness related to his tooth. As long as the correctional complex has a grievance process, Plaintiff can access it by filing a grievance. However, Plaintiff is advised that he has no constitutional right to a grievance process, or to a particular response to a grievance. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.") (citation omitted). Consequently, the correctional complex may reject the grievances, and the court has no authority to compel the correctional complex to provide a favorable response to a grievance. The court notes that Defendant has supplied Plaintiff with a full response to his most recent grievance, (ECF No. 20-1 at 2); therefore, it appears that Defendant has addressed the core issue of whether or not Plaintiff retains the root of the tooth that was extracted.

5. The Motion to Get Operations Policy and Appoint Counsel, (ECF No. 29), is **GRANTED**, in part, and **DENIED**, in part. With respect to the policy issue, Defendant argues that the complaint should be dismissed, because Plaintiff has not identified any policy of Defendant that is unconstitutional. Plaintiff responds that he is unable to specify an offending policy, because Defendant will not allow him to review any of the operational policies. The court agrees that Plaintiff should be permitted to review relevant policies.

Accordingly, Plaintiff's request to review policies has been granted, and Defendant has been ordered to arrange a review date and time. (ECF No. 38). As to Plaintiff's request for counsel, that motion is denied. The court previously explained to Plaintiff that his circumstances do not meet the "exceptional" standard required for the appointment of counsel. (ECF No. 18). Nothing has changed since Plaintiff filed his last motion seeking the appointment of counsel. (ECF No. 17). Given the current posture of the case, Plaintiff simply is not entitled to the appointment of counsel. Should the posture of the case change, Plaintiff may renew the motion at that time.

The Clerk is directed to provide a copy of this Order to Plaintiff and counsel of record.

**ENTERED:** May 17, 2021

Cheryl A. Eifert
United States Magistrate Judge