IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANTWYN GIBBS,

        Plaintiff,

v.                                    CIVIL ACTION NO.   2:20-cv-00867

WEXFORD HEALTH SOURCES INCORPORATED,

        Defendant.

## ORDER

This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this court of proposed findings and recommendation ("PF&R") for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On September 14, 2021, the Magistrate Judge submitted the PF&R [ECF No. 65] and recommended that the court **DENY** Gibbs' motions to amend or supplement his pleadings [ECF Nos. 21, 26, 41, 47, 48, 49]; **GRANT** the motion to dismiss the complaint filed by Defendant Wexford Health Sources Incorporated ("Wexford") [ECF No. 22]; and **DENY** the remaining motions [ECF Nos. 56, 57] as moot. After the PF&R was filed, Gibbs filed a motion, which the court granted, to extend the time for him to file objections. The court set Gibbs' new objection deadline as October 11, 2021. Gibbs filed a Motion to Appoint Counsel [ECF No. 70] and purported objections [ECF

No. 71] on the deadline,[1] and has continued filing objections, declarations, and additional documentation since that time. [ECF Nos. 72, 73, 74, 75, 76, 77, 78, 79]. The court only considers those objections that were timely filed.

A district court "shall make a de novo determination of those *portions* of the report or *specified* proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (emphases supplied). This court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary. *Howard's Yellow Cabs, Inc. v. United States,* 987 F. Supp. 469, 474 (W.D.N.C. 1997). A litigant who makes only vague objections to the magistrate's findings prevents the district court from focusing on disputed issues and thus renders the initial referral to the magistrate judge useless. *Id.* Such general objections do not meet the requirements of 28 U.S.C. § 636(b)(1), and failure to file a specific objection constitutes a waiver of the right to de novo review. *Id.* (citing *Mercado v. Perez Vega,* 853 F. Supp. 42, 44 (D.P.R. 1993)); *Vines-Carter v. Store Merchs. in Malls*, No. 2:15-CV-03061, 2015 WL 4253947, at *1 (S.D. W. Va. July 13, 2015).

---

[1] These documents were postmarked on October 12, 2021. However, because October 11, 2021, was a holiday, and because Gibbs would have had to have placed the documents in prison mail prior to the day they were postmarked, I construe the documents as having been timely filed.

In the PF&R, Judge Eifert adopts Gibbs' version of the facts in this case but holds that Gibbs' Complaint fails to state a claim upon which relief can be granted and that his proposed amendments to the Complaint are futile for the same reason. Though Gibbs filed "objections," they do not direct the court to any specific findings or recommendations in Magistrate Judge Eifert's PF&R. Rather, Gibbs restates many of the facts and bare legal conclusions he made in his filings leading up to the PF&R, but he does not address how Judge Eifert's resolution of any of his arguments is incorrect. Therefore, I find that Gibbs' objections are not specific and do not warrant de novo review.

At most, Gibbs could be attempting to object to Judge Eifert's conclusion that Gibbs does not state a claim against Wexford in either his Complaint or the proposed amendments because he has not identified a specific policy or custom that caused any deprivation of his rights. Even reviewing this finding de novo out of an abundance of caution, I find no error. Throughout his briefing and objections, Gibbs claims over and over that staff *violated* Wexford's policies and violated his rights in doing so. As Judge Eifert found, this is insufficient to state a claim against Wexford, a private entity that provides dental care to inmates. Gibbs also argues he has exhausted his administrative remedies as to certain proposed additional claims. Though I agree with Judge Eifert that Gibbs has not done so, that finding was immaterial because, as Judge Eifert found, even if Gibbs had exhausted his claims, he still failed to state a claim upon which relief can be granted.

Accordingly, the court accepts and incorporates herein the findings and recommendation of the Magistrate Judge and orders judgment consistent with the findings and recommendations. The court **DENIES** Gibbs' motions to amend or supplement his pleadings [ECF Nos. 21, 26, 41, 47, 48, 49]; **GRANTS** the motion to dismiss the complaint filed by Wexford [ECF No. 22]; and **DENIES** the remaining motions [ECF Nos. 56, 57] as moot. Gibbs' Motion to Appoint Counsel is **DENIED** as moot. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 22, 2021

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE